UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                In Bankruptcy:

**JAMES WESLEY WADDELL,**
                                                 Case No. 18-54538-pjs
                                                 Chapter 7
          Debtor.                                Hon. Phillip J. Shefferly
_____

**TIMOTHY J. MILLER, TRUSTEE**

          Plaintiff,
                                                 Adv. Pro. No.
                                                 Hon. Phillip J. Shefferly
vs.

**RENEE WADDELL,**

          Defendant.
_____

## COMPLAINT

Plaintiff Timothy J. Miller, Trustee ("Plaintiff") by his attorneys Clayson, Schneider & Miller, PC, states for his complaint as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and Fed. R. Bankr. P. 7004.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(f).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1408 and § 1409.

4. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001.

**FACTS**

5. James Wesley Waddell, Debtor, filed a Voluntary Petition under Chapter 7 of Title 11 of the United States Code on October 26, 2018 (the "Petition Date").

6. Debtor's sworn statements and schedules list assets totaling $24,236.26 and liabilities totaling $39,034.00. Exhibit A.

7. The majority of the debts listed in Debtor's schedules indicate that they were incurred prior to 2018.

8. Debtor has claimed exemptions in the amount of $4,348.26. Exhibit B.

9. Plaintiff is the duly appointed Chapter 7 Trustee in this matter.

10. Upon information and belief, Defendant Renee Waddell ("Defendant") is an individual residing at 93 E. Chicago Ave, Pontiac, MI 48340-1218 (the "Property").

11. Defendant is Debtor's ex-wife.

12. After approximately 20 years of marriage, Defendant sued Debtor for divorce and on August 2, 2018, the Oakland County Circuit Court issued a Consent

Judgment of Divorce ("Consent J.O.D.").

13. Upon information and belief, Defendant and Debtor purchased the Property during their marriage.

14. Upon information and belief, no liens or mortgages encumber the Property.

15. Upon information and belief, the Property is valued between $25,000 and $30,000.

16. The Consent J.O.D. awarded the Property to Defendant outright.

17. The Consent J.O.D. otherwise awarded Debtor and Defendant their own personal property, including vehicles, retirement accounts, bank accounts, and credit card debt.

18. The Consent J.O.D., together with a later Uniform Child Support Order awarded child support paid by Debtor to Defendant totalling $369 per month. (Exhibit C)

19. During 2016 and 2017, Defendant earned approximately twice as much income as Debtor. (Exhibit D)

20. On April 30, 2018, Debtor recorded a Quit Claim Deed (Exhibit E) with Oakland County Register of Deeds conveying his interest in the Property to Defendant, pursuant to the Consent J.O.D. Property award (the "Transfer").

# COUNT I – VOIDABLE TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B)

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

21. Prior to the Consent J.O.D., the Debtor was entitled to 50% of the marital assets, including 50% of the equity existing in the Property at the time of Consent J.O.D., or approximately $15,000.

22. Debtor did not receive equivalent value for the Transfer. Instead, Debtor gave up his interest in the Property voluntarily by signing the Consent J.O.D.. Debtor also signed up for non-dischargeable child support payments, even though Defendant was awarded the Property outright and earned almost twice as much income as Debtor during the years preceding the divorce. The Consent J.O.D. only awarded Debtor his personal property, in exchange for giving up his interest in the Property, and for unwarranted child support payments. The personal property and child support payments do not constitute reasonable equivalent value in exchange for his interest in the Property under 11 U.S.C. § 548(a)(1)(B)(i).

23. The Consent J.O.D. was entered on August 2, 2018, and the Quit Claim Deed was recorded on April 30, 2018, both within 2 years of the Petition Date under

11 U.S.C. § 548(a)(1).

24. After excluding property transferred, concealed, or removed with intent to hinder, delay or defraud his creditors (the property sought by this action) and exempt property, pursuant to 11 U.S.C. § 101(32)(A), the sum of the Debtor's liabilities is greater than his property as set forth above. Therefore, Debtor is insolvent under 11 U.S.C. § 101(32)(A) and for purposes of 11 U.S.C. § 548(a)(1)(B)(ii)(I).

25. At the time of and as a result of the Transfer, Debtor was not able to pay his debts as they became due.

26. The Transfer constitutes a "transfer" under 11 U.S.C. § 101(54).

27. Defendant is an insider under the Bankruptcy Code for all relevant purposes under 11 U.S.C. § 101(31).

28. The Transfer constitutes a constructively fraudulent transfer avoidable by Plaintiff pursuant to 11 U.S.C. § 548(a)(1)(B).

**WHEREFORE**, Plaintiff prays the Court enter judgment for Plaintiff and against Defendant that the transfer is avoided under 11 U.S.C. § 548(a)(1)(B).

## COUNT II – VOIDABLE TRANSFER UNDER M.C.L. § 566.34(1)(b)

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

29. Plaintiff may avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by a creditor holding an allowable unsecured claim under 11 U.S.C. § 544(b).

30. Pursuant to 11 U.S.C. § 544(b), the Trustee is authorized to bring a claim under Michigan's version of the Uniform Voidable Transfer Act ("UVTA") at Mich. Comp. Laws § 566.30 *et. seq*.

31. As described above, Debtor did not receive equivalent value for the Transfer pursuant to M.C.L. 566.34(1)(b).

32. As described above, Debtor was insolvent at the time of the Transfer.

33. Debtor should have reasonably believed that he would incur debts beyond his ability to pay as they became due under M.C.L. 566.34(1)(b)(ii).

34. The Transfer is voidable under M.C.L. 566.34(1)(b).

**WHEREFORE,** Plaintiff prays the Court enter judgment against Defendant declaring that the Transfer is void under M.C.L. 566.34(1)(b).

## COUNT III-VOIDABLE TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A)

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

35. Debtor agreed to the Consent J.O.D. in contemplation of filing bankruptcy to protect his ex-spouse, Defendant.

36. Defendant, as ex-spouse, is Debtor's insider.

37. But for the Transfer, Debtor would have been able to make a substantial payment towards his debts.

38. Debtor intended to use the Transfer to avoid the estate recovering and administering his interest in the Property for the benefit of creditors.

39. Debtor made the Transfer with actual intent to hinder, delay, or defraud his creditors pursuant to 11 U.S.C. § 548(a)(1)(A).

**WHEREFORE,** Plaintiff prays the Court enter judgment against Defendant declaring that the Transfer is void under 11 U.S.C. § 548(a)(1)(A).

## COUNT IV-VOIDABLE TRANSFER UNDER M.C.L. § 566.34(1)(a)

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

40. Debtor made the Transfer with actual intent to hinder, delay, or defraud his

creditors pursuant to M.C.L. § 566.34(1)(a).

**WHEREFORE,** Plaintiff prays the Court enter judgment against Defendant declaring that the Transfer is void under M.C.L. § 566.34(1)(a).

## COUNT V – TRANSFEREE LIABILITY UNDER 11 U.S.C. § 550.

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

41. To the extent the Transfer is avoided under 11 U.S.C. §§ 544 or 548, the Trustee is entitled to recover from Defendant under 11 U.S.C. § 550.

42. Debtor made the Transfer directly to Defendant via the Consent J.O.D. and Quit Claim Deed.

43. The value of the Transfer is at least $15,000.

44. The Trustee may recover the value of the transfer from Defendant as the initial transferee pursuant to 11 U.S.C. § 550(a)(1).

45. The Transfer is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

**WHEREFORE,** Plaintiff prays this Court enter judgment for Plaintiff and against Defendant in the amount of $15,000 under 11 U.S.C. § 550, and that this amount is preserved for the benefit of the Debtor's estate under 11 U.S.C. § 551.

# COUNT VI – AUTHORITY TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363(h).

The Trustee hereby incorporates the preceding paragraphs by reference, as though fully set forth herein:

46. Under 11 U.S.C. § 363(h), a trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if: (i) partition in kind of such property among the estate and such co-owners in impracticable; (ii) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (iii) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (iv) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

47. Partition in kind of the Property—a single-family house—is impracticable.

48. Sale of the Bankruptcy Estate's undivided interest in the Property would realize significantly less for the Bankruptcy Estate than a sale of the property

free of the interests of the Defendant.

49. The benefit to the Bankruptcy Estate of a sale of the Property outweighs the detriment, if any, to Defendant as the Defendant would receive substantial proceeds from the sale.

50. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

51. Pursuant to 11 U.S.C. § 363(h), this Court hold authority to issue an Order or Judgement authorizing Plaintiff to sell the Property.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, pursuant to 11 U.S.C. § 363(h), authorizing Plaintiff to market and sell the Property undivided, and hold proceeds pending further Order of this Court and for all other relief the Court deems necessary.

### COUNT VII - AUTHORITY TO SELL PROPERTY PURSUANT TO 11 U.S.C. § 363(f)

Plaintiff hereby incorporates the preceding paragraphs by reference, as though fully set forth herein.

52. Pursuant to 11 U.S.C. § 363(f), the Plaintiff may sell the Property free and clear of an interests in the property because (i) the value at which the property is to be sold for would be greater than the aggregate value of all

liens on the property; and (ii) all entities holding an interest in the property could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

53. Pursuant to 11 U.S.C. 363(j) of the Bankruptcy Code, the Trustee seeks an order authorizing Plaintiff to charge the Defendant for one-half of the costs and expenses of selling this co-owned property.

54. The fair market value of the Property exceeds the payoff balance of any entities holding an interest in the Property, including Defendant.

55. Pursuant to 11 U.S.C. § 363(h), and as described in Count VI of this Complaint, Defendant can be compelled to accept a money satisfaction for her interest in the Property.

**WHEREFORE** the Plaintiff respectfully requests that the Court enter judgment against the Defendant, pursuant to 11 U.S.C. § 363(f) (1) authorizing Plaintiff to sell the Property free and clear of all liens, encumbrances, claims, and interests, with all such liens, encumbrances, claims, and interests attaching to the sale proceeds in the same order, priority, and validity that presently exists; (2) authorizing Plaintiff to charge Defendant for one-half of the costs and expenses of selling the property; and (3) any further relief this Court deems necessary.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER, P.C.**

Dated: February 19, 2019

*/s/ David P. Miller, attorney*
David P. Miller (P-79911)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
david@detlegal.com